**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAY 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-3806 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00258-DAD-1 |
| v. | |
| TRAVON JACOBS, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 21, 2025**

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Travon Jacobs appeals from the district court's judgment and challenges the

24-month sentence imposed following revocation of his supervised release for

seven violations. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Jacobs contends that the district court's error in finding that he violated

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

supervised release by brandishing a deadly weapon requires a new dispositional hearing. This argument is unavailing. At the revocation hearing, the parties disputed whether Jacobs committed a new law violation by brandishing a gun. Contrary to Jacobs's argument, the district court's single reference to brandishing a "deadly weapon" appears to be a misstatement;[1] it is clear from the transcript that the parties and the court understood that the allegation involved a firearm. Moreover, the evidence was sufficient to show, by a preponderance of the evidence, that Jacobs brandished a gun. *See United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (the evidence is sufficient to revoke supervised release if, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the violation by a preponderance of the evidence).

Even if Jacobs could show error with respect to the new law violation involving the gun, he has not asserted or shown that the district court would not have revoked supervised release on the remaining violations. Nor has Jacobs shown that the Guidelines range or the statutory maximum sentence—which the district court imposed based on Jacobs's "egregious breach of the Court's trust"—would have been different absent the brandishing violation. Thus, any error was harmless.

---

[1] The applicable state statute defines "deadly weapon" as a weapon "other than a firearm." Cal. Penal Code § 417(a)(1).

The government's request for judicial notice is granted.

**AFFIRMED.**